IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
CYNTHIA O'CONNOR,              )
                               )   2:11-cv-00818-GEB-CMK
          Plaintiff,           )
                               )
     v.                        )   ORDER**
                               )
THE UNITED STATES,*            )
                               )
          Defendant.           )
_____)
```

On April 4, 2011, Defendant filed a motion to dismiss Plaintiff's medical negligence complaint under Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction. Defendant argues "the Court lacks jurisdiction over any tort claims against the United States because plaintiff did not present an administrative claim to the U.S. Department of Health & Human Services before filing her lawsuit." (Def.'s Mot. 1:27-2:1.) Plaintiff opposes the motion, arguing

---

\* The caption has been amended according to Defendant's certification of scope of federal employment issued under 28 U.S.C. § 2679(d)(1) of the Federal Tort Claims ("FTCA"), which was filed on April 4, 2011. This statute prescribes: "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, . . . the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1) (2010).

\*\* This matter is deemed suitable for decision without oral argument.  E.D. Cal. R. 230(g).

1

"[t]here is an exception to the statutory administrative filing requirements . . . where Plaintiff files a state court action against an individual without knowing that the individual was a government employee acting within the course and scope of his employment at the time of the injury causing event." (Pl.'s Opp'n 2:26-3:1.)

However, under the FTCA a claimant is required to exhaust administrative remedies before a tort lawsuit is commenced against the United States. Specifically, 28 U.S.C. § 2675(a) of the FTCA prescribes: "An action shall not be instituted upon a claim against the United States unless the claimant shall have first presented the claim to the appropriate Federal agency and [her] claim shall have been finally denied by the agency . . . ." 28 U.S.C. § 2675(a) (2010). "Because the requirement is jurisdictional, it 'must be strictly adhered to.'" Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000) (internal citations omitted); see also Valadez-Lopez v. Chertoff, ---F.3d ----, 2011 WL 3805890, at *3 (9th Cir. Aug. 26, 2011) ("Congress intended to require complete exhaustion of [administrative] remedies before invocation of the judicial process because every premature filing *of an action under the FTCA* imposes some burden on the judicial system.") (internal quotation marks and citations omitted).

Plaintiff filed her medical negligence complaint against the previous defendants, Albert Gordon Lui, Dolly Brooks, and Shingletown Medical Center, in state court on January 20, 2011. (ECF No. 1.) The United States removed this state case to federal court on March 25, 2011, and certified that the previous defendants were acting within the scope of federal employment on April 4, 2011. (ECF Nos. 1, 4.) Plaintiff states in her opposition brief that she "filed a Claim for Damage,

1  Injury or Death with the Department of Health and Human Services" on May
2  24, 2011. (Pl.'s Opp'n 2:9-11; Altemus Decl., Ex. 1.) Since Plaintiff's
3  administrative claim submitted to the Department of Health & Human
4  Services was not finally denied prior to when Plaintiff commenced the
5  instant tort case, Plaintiff "has not met the jurisdictional
6  requirements of [§] 2675(a)." Jerves v. United States, 966 F.2d 517, 519
7  (9th Cir. 1992). Therefore, Defendant's motion to dismiss this action
8  for lack of subject matter jurisdiction is granted.

Dated:  October 14, 2011

GARLAND E. BURRELL, JR.
United States District Judge

3